## 23246. MANNING v. ELLER.

Decided September 20, 1934.

*William S. Shelfer,* for plaintiff in error.
*Tidwell & Brown,* contra.

Jenkins, P. J. The plaintiff sued for commissions earned as a subsalesman of the defendant from sales by the defendant in the plaintiff's territory. This territory, the plaintiff contends, was by the written contract given to him exclusively, or, if the contract was ambiguous in that respect, by an additional oral agreement.

The defendant contends that, under the written provision that there should be a "50-50 split of net commissions between us on *sales made by you* [the plaintiff] in the herein covered territory on the lines as now covered or may be added hereto," the plaintiff's sales rights in the described territory were not exclusive. The written contract also stated that the defendant was not making "any exception on any of the prospects hereunder, even though we have put on quite intensive work;" that "in not making any exceptions and including Columbia and Charleston, where there are fairly good prospects of sales the first of the year [the largest sale in controversy being made in Charleston], I am proceeding on the principle that you are going to give the lines hereunder your intensive attention;" that the plaintiff was "not to have any lines conflicting with those mentioned herein;" that he was to "pay all of [his] own expenses of every kind in *developing, following, and finally closing all sales;*" that he was to have the assistance of a service representative working under the defendant, "and also you will have the benefit of my assistance in any way that I can help on sales work both by correspondence and personal contact, more particularly on call and suggestions from you." The defendant further contended that the plaintiff was not entitled to commissions on the sales because he had failed to make regular weekly reports as provided by the contract. The evidence, however, does not show any rescission of the contract for this reason, or any termination of the plaintiff's employment before the sales in question. Both sides introduced without objection parol evidence supporting their respective contentions as to whether the parties had agreed and intended by their agreement that the plaintiff should have exclusive sales rights in his territory. At the trial it was stipulated that the net commissions involved amounted to $382. The judge, sitting without a jury, rendered a judgment in favor of the plaintiff for $245, and refused a new trial to the defendant, whose motion was limited to the general grounds.

The express written terms of the contract show that it was the intention of the parties that the plaintiff's sales rights should be exclusive; or, in any event, even if such terms be taken as ambiguous, the parol evidence for the plaintiff, admitted without objection, when taken with the written language, amply authorized

the finding and judgment for the plaintiff, the defendant's exceptions being limited to the general grounds.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*